Robert B. Hakari, OSB No. 114082
rhakari@mccarthyholthus.com
McCarthy & Holthus, LLP
920 SW 3rd Avenue, 1st Floor
Portland, OR 97204
Telephone: (971) 201-3200
Facsimile: (971) 201-3202
Attorney for Wells Fargo Bank, National Association

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES I, LLC, GREEN POINT MORTGAGE FUNDING TRUST 2006-AR1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR1,<br><br>    Plaintiff/Counter-Defendant,<br><br>    v.<br><br>THE UNKNOWN HEIRS AND DEVISEES OF ELMER V. DUNHAM; CHARLES BARKER III AKA CHARLES M. BARKER, III AKA CHUCK BARKER; GARY DUBOIS; DARLA DUBOIS; MCEWEN GISVOLD LLP; OCCUPANTS OF THE PROPERTY,<br><br>    Defendants.<br><br>CHARLES BARKER III<br><br>    Cross Claimant,<br><br>    v.<br><br>WELLS FARGO BANK; et al,<br><br>    Cross Defendants. | Case No. 3:16-cv-01348-MO<br><br>**PLAINTIFF'S MOTION FOR REMAND** |

PLAINTIFF'S MOTION FOR REMAND
PAGE 1
M&H FILE NO.: OR-16-739535-CV

MCCARTHY & HOLTHUS, LLP
920 SW 3RD AVE, 1ST FLOOR
PORTLAND, OR  97204
PH: (971) 201-3200
FX: (971) 201-3202

## I.     LR 7-1 CERTIFICATE OF CONFERRAL

Pursuant to LR 7-1(a), Counsel for Plaintiff Wells Fargo Bank, National Association as Trustee for Bear Stearns Asset Backed Securities I, LLC, Green Point Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, Series 2006-AR1 (WFBNA) conferred with Defendant Charles Barker III ("Barker") prior to filing this motion.  The parties were not able to resolve this dispute resulting in the filing of this motion.

## II.     MOTION

Pursuant to 28 U.S.C. §§ 1441(a), 1441(b), 1446, and 1447(c), Plaintiff respectfully requests this Court remand the above captioned case back to the Clackamas County Circuit Court.  This matter was inappropriately removed resulting in this Court lacking subject matter jurisdiction as (1) Barker – along with four other defendants – is a resident of the State of Oregon, and (2) the original complaint did not contain any question of federal law.  Further, WFBNA moves that this Court include in any order of remand that Defendant be required to pay and costs and fees incurred by WFBNA in connection with this Motion for Remand.  This motion is supported by the Declaration of Robert B. Hakari in Support of Motion to Remand ("Hakari Declaration") and the files and records of this case.

## III.     BACKGROUND

This matter was initiated June 23, 2016 when WFBNA filed a complaint for judicial foreclosure of the property located at 15268 Penny Ave., Sandy, OR 97055 (the "Subject Property") was filed in the Clackamas County Circuit Court as Case Number 16CV20032.  (Hakari Decl. Ex. 1.)  Barker filed a Notice of Removal ("Removal") with this Court on June 30, 2016, and with the Clackamas County Circuit Court on July 1, 2016.  (Removal, ECF No. 1; Hakari Decl. Ex. 1.)  The Removal is based on Barker's claims that there might be a federal

PLAINTIFF'S MOTION FOR REMAND
PAGE 2
M&H FILE NO.: OR-16-739535-CV

MCCARTHY & HOLTHUS, LLP
920 SW 3RD AVE, 1ST FLOOR
PORTLAND, OR  97204
PH: (971) 201-3200
FX: (971) 201-3202

question and diversity jurisdiction. (*See generally* Removal.) Barker is a resident of the State of Oregon. (Removal ¶ 9.a.) Defendant McEwen Gisvold LLP is a limited liability partnership with its principal place of business in Portland, Oregon. (Hakari Decl. Ex. 2.) Prior to removal, Defendants Gary Dubois, Darla Dubois, and Occupants of the Property were personally served or substituted served in the State of Oregon. (*Id*. Exs. 3, 4, & 5.)

## IV. POINTS AND AUTHORITIES

A. **The Applicable Standard for Removal**.

A defendant may remove to federal court "[a]ny civil action brought in State Court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Removal to federal court may be appropriate when it is "based on diversity of citizenship" or "[j]oinder of Federal law claims and State law claims." 28 U.S.C. §§ 1441(b), 1441(c). However, courts strictly construe the removal statutes. There is a "strong presumption against removal jurisdiction . . ." and "[i]f there is any doubt as to the right of removal in the first instance," the court must remand the case to state court. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted).

When a case is removed to federal court on the basis of diversity of citizenship, the court must, upon a timely motion by plaintiff, remand case removed in violation of the "forum defendant rule." *See Hamilton v. Silven, Schmeits & Vaughan, P.C.*, 983 F. Supp. 2d 1259, 1260 (D. Or. Oct. 21, 2013). Under that rule, a case removable "solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Removal predicated on a federal question must have the federal question "disclosed upon the face of the complaint, unaided by the answer of by the petition for removal." *Bergen v.*
PLAINTIFF'S MOTION FOR REMAND  
PAGE 3  
M&H FILE NO.: OR-16-739535-CV  

MCCARTHY & HOLTHUS, LLP  
920 SW 3RD AVE, 1ST FLOOR  
PORTLAND, OR 97204  
PH: (971) 201-3200  
FX: (971) 201-3202

*Tualatin Hills Swim Club, Inc.*, 2016 U.S. Dist. LEXIS 34343, *4-5 (D. Or. Mar. 16, 2016), (*citing California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)).  This means that a "defense that raises a federal question is inadequate to confer federal jurisdiction." *King v. Aventis Pasteur, Inc.*, 210 F. Supp. 2d 1201, 1206 (D. Or. June 7, 2002) (*citing Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)).

    B. **The Forum Defendant Rule has been Violated**.

The forum defendant rule prevents a party from removing a state court action to federal court on the basis of diversity if any of the defendants are citizens of the state where the action was originally brought.  28 U.S.C. § 1441(b)(2).  This action was originally brought in an Oregon Circuit Court.  Defendants Barker, McEwen Gisvold LLP, Gary Dubois, Darla Dubios, and Occupants of the Property are citizens of the State of Oregon.  *See* Background, *supra*.  Five defendants are residents of the same state in which this action was originally filed, Oregon.  The forum defendant rule has been violated and therefore diversity cannot be used as a basis for removal.

    C. **WFBNA's Complaint does not give rise to a Federal Question.**

The complaint that initiated this matter was one requesting the ability to foreclose on the Subject Property.  Foreclosure of a property located within Oregon is solely a state matter and is governed by ORS 88.010 *et seq*.  The complaint made no claims based off of federal statute and made no effort to raise any form of federal question.  The only federal questions raised in this matter are by Barker in the Removal where a whole host of alleged federal issues have been pled.  (Removal ¶¶ 1-8.)  Federal questions must have been pled at the outset of the action in the Complaint.  Barker's efforts to convert WFBNA's state law based foreclosure into an issue

PLAINTIFF'S MOTION FOR REMAND  
PAGE 4  
M&H FILE NO.: OR-16-739535-CV  

MCCARTHY & HOLTHUS, LLP  
920 SW 3RD AVE, 1ST FLOOR  
PORTLAND, OR  97204  
PH: (971) 201-3200  
FX: (971) 201-3202

involving various United States agencies and RESPA, FDCPA, and TILA are insufficient to create a federal question worthy of removal from state court to federal court.

### D. WFBNA should be awarded its Fees and Costs in Relation to the Removal.

An order remanding a case may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). When a defendant does not have an objectively reasonable basis to seek removal, it is well within the Court's discretion to award reasonable attorneys' fees and costs as a result of the improper removal. *Demont v. Starbucks Corp.*, 2010 U.S. Dist. LEXIS 132987, *14 (D. Or. Dec. 15, 2010). This award allows for the Court to "deter unjustified removal while preserving [the] right to remove under appropriate circumstances." *Id.* at *4 (*citing Martin v. Franklin Capital Corp.*, 546 U.S 132, 138-40, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)).

Though Barker is representing himself, he is very familiar with the procedures of both state and federal court having represented himself numerous times.[1] Barker has previously attempted to remove cases from state court and is well aware of the procedures involved in doing so because the Court has instructed him in several prior actions why his pleadings and requests were found to be completely lacking.

---

[1] Representative cases include:
McEwen Gisvold LLP v. Barker, et al.  Multnomah County Case No. 080405875.
Greenbrook Condominium Owners v. Barker, et al.  Multnomah County Case No. 110302710.
Barker v. JP Morgan Chase Bank, et al.  District Court of Oregon Case No. 3:11-cv-00579-MO; *appealed* 9th Circuit Court of Appeals Case No. 11-35841.
Barker v. Saxon, et al.  District Court of Oregon Case No. 3:12-cv-01828-BR.
Barker v. US Bank, et al.  District Court of Oregon Case No. 6:14-cv-02050-MC.
US Bank National Association v. Barker, et al. Lane County Case No. 161424269; *removed* District Court of Oregon Case No. 6:15-cv-00046-MC; *appealed* 9th Circuit Court of Appeals Case No. 15-35368; *appealed* Oregon Court of Appeals Case No. A161711.
Bank of New York Mellon v. Barker, et al. Multnomah County Case No. 16CV07951; *removed* District Court of Oregon Case No. 3:16-cv-01100-MO.

PLAINTIFF'S MOTION FOR REMAND
PAGE 5
M&H FILE NO.: OR-16-739535-CV

MCCARTHY & HOLTHUS, LLP
920 SW 3RD AVE, 1ST FLOOR
PORTLAND, OR  97204
PH: (971) 201-3200
FX: (971) 201-3202

In *U.S. Bank N.A.*, Barker removed a state court action to federal court. *U.S. Bank N.A. v. Dunham*, 2015 U.S. Dist. LEXIS 93707 (D. Or. Mar. 16, 2015). In his opinion on U.S. Bank N.A.'s Motion to Remand, Judge McShane wrote:

> "[Barker] is a resident of the state of Oregon, so he may not remove the Lane County case to federal court based solely on diversity of citizenship. Barker insists that his federal claims against the banks invoke federal jurisdiction, but removal jurisdiction stems only from the original complaint, irrespective of Barker's federal defenses and counterclaims. The state foreclosure action does not provide this Court with original subject matter jurisdiction, so this Court has no basis on which to grant removal of the state action. . . .
>
> "Under 28 U.S.C. § 1447(c), district courts have discretion to require payment of just costs and any actual expenses, including attorney fees, incurred as a result of an improper removal action. In this case, the lack of any legal foundation on which to remove the state foreclosure action . . . justif[ies] costs and attorney fees in favor of U.S. Bank as Trustee. . . .
>
> "Barker is hereby ORDERED to pay costs and fees incurred . . . *Id.* at *3-5.

Barker has demonstrated a pattern of removing cases to federal court when he has no actual basis to do so. This is not new information to Barker. He has been informed by the Court why his actions are improper and has been required to pay the fees and costs of his opponents.

Here, just as before, the parties involved in this matter clearly did not meet the requirements of the forum defendant rule and WFBNA's complaint was based solely on state law. There is no diversity jurisdiction and no form of federal question whatsoever of the claims Barker has attempted to raise. Barker had no objectively reasonable basis to seek removal of this case. It is wholly appropriate for the Court to order Barker to pay fees and costs incurred by WFBNA in connection with this improper removal.

///

///

///

PLAINTIFF'S MOTION FOR REMAND
PAGE 6
M&H FILE NO.: OR-16-739535-CV

MCCARTHY & HOLTHUS, LLP
920 SW 3RD AVE, 1ST FLOOR
PORTLAND, OR  97204
PH: (971) 201-3200
FX: (971) 201-3202

## V. CONCULSION

Pursuant to 28 U.S.C. § 1447(c), WFBNA respectfully requests this Court remand the above captioned case back to the Clackamas County Circuit Court and order Barker to pay for any fees and costs incurred by WFBNA in connection with the improper removal.

DATED: July 29, 2016

/s/ Robert B. Hakari
Robert B. Hakari, OSB No. 114082
McCarthy & Holthus, LLP
920 SW 3rd Ave, 1st Floor
Portland, OR 97204
Phone: (971) 201-3200
Fax: (971) 201-3202
E-mail: rhakari@mccarthyholthus.com
Attorney for Wells Fargo Bank, National Association

PLAINTIFF'S MOTION FOR REMAND
PAGE 7
M&H FILE NO.: OR-16-739535-CV

MCCARTHY & HOLTHUS, LLP
920 SW 3RD AVE, 1ST FLOOR
PORTLAND, OR  97204
PH: (971) 201-3200
FX: (971) 201-3202

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **PLAINTIFF'S MOTION FOR REMAND** on the following defendants on the date below as follows:

By first class mail:

Charles Barker III
1548 SE 30th Ave.
Portland, OR 97214

DATED: July 29, 2016

/s/ Robert B. Hakari

Robert B. Hakari, OSB No. 114082
McCarthy & Holthus, LLP
920 SW 3rd Ave, 1st Floor
Portland, OR 97204
Phone: (971) 201-3200
Fax: (971) 201-3202
E-mail: rhakari@mccarthyholthus.com
Attorney for Wells Fargo Bank, National Association

PLAINTIFF'S MOTION FOR REMAND
PAGE 8
M&H FILE NO.: OR-16-739535-CV

MCCARTHY & HOLTHUS, LLP
920 SW 3RD AVE, 1ST FLOOR
PORTLAND, OR 97204
PH: (971) 201-3200
FX: (971) 201-3202