Charles Barker III
Defendant in Pro Se
1548 SE 30th Avenue
Portland, Oregon 97214
mortgagerecon@gmail.com
Tel: 503-860-3633


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION


| | |
|---|---|
| WELL FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES TRUST 2006-AR1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR1 ) ) ) ) ) ) | |
| Plaintiff ) | CIVIL CASE NO. **3:16-CV-01348-MO** |
| v. ) ) | |
| CHARLES BARKER III, et al ) ) | |
| Defendants ) | OPPOSITION TO PLAINTIFF'S MOTION TO REMAND |
| v. ) ) | |
| WELLS FARGO BANK, BEAR STEARNS, INC.; ) JP MORGAN CHASE BANK; GREENPOINT ) MORTGAGE; UNKNOWN SUCCESSOR TO ) GREENPOINT MORTGAGE; EMC MORTGAGE ) MORTGAGE ELECTRONIC REGISTRATION ) SYSTEMS (MERS), FEDERAL RESERVE BANK;) FEDERAL DEPOSIT INSURANCE CORP. (FDIC)) THE UNITED STATES DEPARTMENT OF THE ) TREASURY FIRST AMERICAN TITLE ) COMPANY, The LAW OFFICES OF ) McCARTHY & HOLTHUS, LLP, ) and     Roes 1-20 ) ) | |
| Cross-Defendants ) | |

        Comes Now Defendant and Cross-Claimant CHARLES BARKER III and files this

Opposition to Wells Fargo Bank's (herein, "WFB") Motion to Remand.

As Defendant appears pro se, the terms "I", "me", "my", "mine", and "defendant" are used interchangeably throughout this Opposition, for brevity, readability, and clarity purposes, as best comports to the context.

<u>INTRODUCTION</u>

The unequivocal foundation that this case cannot be remanded to the state court can be succinctly summarized in just five sentences:

1. Each of the Sections of United States Code upon which plaintiff has relied to attempt a remand of this case to the state court is fatally defective, as set forth fully hereinbelow.[1]

2. The transfer documents on which plaintiff Wells Fargo Bank attempted to base their state court action are defective, incomplete and did not convey authority or standing.

3. Wells Fargo Bank's attempt to use these documents to file a case and attempt to take our home is a fraudulent action, which requires redress and the protection by this court of the civil rights of defendant herein, as guaranteed under the Fourteenth Amendment to the United States Constitution.

4. The regulation of the activities of a nationally chartered bank – Wells Fargo Bank - coupled with the invocation of federal financial and homeowner consumer protection laws, and the fact that these are matters of *original* federal jurisdiction, mandates that this case can only be heard in federal court.

5. The United States District Court, for the District of Oregon, Portland Division, is the only court of correct and complete jurisdiction.

The remainder of this Opposition expands the foregoing with specificity.

---

[1] See below starting Page 15: "C.  DEFECTS RENDER MOTION TO REMAND FATALLY DEFECTIVE'"; 28 U.S.C. Secs 1441(a), 1441(b)(1), 1441(b)(2), 1446, 1447, 1447(c), 1331.

While WFB initially filed this action under state law, their bases for attempting to remand this case back to the state court are legally and factually flawed, are based on 28 U.S.C. code citations, each of which is categorically flawed and not applicable for remand in the instant matter (see section C, below, starting on Page 15) and the defendant herein is entitled as a matter both of law and judicial precedent to a fair and full hearing in federal court, where the consumer protection laws that were legislatively enacted can only be properly heard.

A. There are substantive questions of federal law, including the Fair Debt Collection Practices Act (FDCPA), the Consumer Credit Protection Act (CCPA), federal securities laws and the Real Estate Settlement Procedures Act (RESPA), that were implemented by Congress as protections against abuses of homeowner borrowers by creditors such as are extant in the instant controversy, and these can only be heard in federal court. Plaintiff WFB improperly attempts to pretend that the county circuit court complaint is confined "only one state law claim for foreclosure". Indeed, plaintiff WFB would desperately wish to confine this controversy to such a singular, seemingly "benign" claim. However, their attempt to take our family home, and eject our family and children, automatically invokes federal consumer law protections, that were enacted precisely to protect consumers and homeowners against the improper and unlawful actions of banks, and in particular, these that were involved in the mammoth mortgage scandals, where it was (and remains) the banks themselves that were the causation of the nationwide financial crisis. Many of these banks have now been indicted, and negotiated settlements (to avoid bank executive personal liability and criminal indictments) for hundreds of millions of dollars with Department of Justice, Federal Reserve Bank and regulatory agency complaints. In the instant matter, these consumer laws are **federal laws**, and can <u>only</u> be heard in federal court, making removal mandatory.

B. The federal consumer protection laws that are undeniably relevant and invoked by virtue of the nature and type of the subject case and the plaintiff's attempt to foreclose are matters of original federal jurisdiction.

C.  The necessary parties to the case, which are cross-defendants, include the Federal Reserve Bank, the Federal Deposit Insurance Corporation the Securities and Exchange Commission and the United States Department of the Treasury and the Office of the Comptroller of the Currency, all of which are federal governmental agencies or regulatory bodies, and all of which cases can only be heard in a federal court.  As the Portland Division includes both Multnomah and Clackamas Counties, – United States District Court for the District of Oregon, Portland Division is the only court which can hear this matter[2] .

JURISDICTION AND VENUE

1.  Original jurisdiction in the U. S. District Court arises out of federal law, the Fair Debt Collection Practices Act (FDCPA), action may be brought only in U.S. District Court. Attorneys for Plaintiff WF, McCarthy & Holthus, have acknowledged and admitted that they are a "debt collector" are subject to the FDCPA.

2.  Original jurisdiction in the U. S. District Court also arises out of 15 U.S.C. Sec 1640 (e) of the United States Consumer Credit Protection Act, action may be brought only in U.S. District Court.

3.  Original jurisdiction in the U. S. District Court also arises out of federal law, the Real Estate Settlement Procedures Act (RESPA), action may be brought only in U.S. District Court.

4.  The Federal Deposit Insurance Corporation (FDIC) is a necessary party, and all suits involving the FDIC are required to be heard only in federal court.

---

[2]  Other than, of course, the Ninth Circuit Court of Appeals and the United States Supreme Court.

5. The Federal Reserve Bank (FRB) is a necessary party, and all suits involving the FRB are required to be heard only in federal court.

6. The United States Department of the Treasury, as the agency to whom the Bank of New York Mellon applies for reimbursement on foreclosed loans, constitutes a financial guaranteeing agency party, and thus is a necessary party, and all suits involving the U.S. Treasury are required to be heard only in federal court.

7. The U. S. District Court has supplemental jurisdiction under 28 U.S.C Sec 1367 over the Oregon state claims, including ORS Chapter 86 pertaining to real property documents, foreclosure and notice, and ORS Chapter 646 in unlawful business and trade practices, which are closely related to federal claims, and form part of the same case or controversy under Article III of the United States Constitution.

8. Jurisdiction arises out of Defendant's assertion of the Civil Right of Due Process, as set forth in the Fourteenth Amendment to the United States Constitution, federal law which can only be heard in the federal United States District Court.

9. The diversity statute, 28 U.S.C. Sec. 1332(a), provides, in relevant part, that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States". All of the citizens and all of the corporate entities are indeed citizens and entities charted in *different states*.

The amount in controversy exceeds $75,000.

More complete coast-to-coast diversity is scarcely imaginable.

ALL OF THE ELEMENTS OF DIVERSITY ARE PRESENT.

10.  Jurisdiction in the U. S. District Court also exists due to certain actions of Plaintiff and Cross-Defendants, and their predecessors in interest, including, Greenpoint Mortgage, MERS, U.S. Bank, EMC Mortgage, JP Morgan Chase Bank, and Bear-Stearns Inc., upon whose documents and actions plaintiff purports to rely, which have occurred in states throughout the United States, including alleged transfers of ownership of the mortgage and/or deed of trust, interstate transfers of securities instruments related to the subject note and deed of trust, interstate transfers of depository funds, clandestine execution of documents related to these transactions in multi-state locales, and the use of the United States Postal Service mail to transmit these documents across state lines.

11.  There are United States Federal laws which are at issue in the instant matter, including Securities Laws (the Securities Act of 1933, as amended) and the Uniform Commercial Code. Original jurisdiction over the subject matter of this action lies with the U.S. District Court pursuant to Section 17(a)(2) and (3) of the Securities Act of 1933.

12. Original jurisdiction in the U. S. District Court also arises out of 18 U.S.C. 1961 (a) authorizing proceeding in U.S. District Court under the Racketeer Influenced and Corrupt Organizations Act.

**As a consequence of all of the foregoing: Federal United States District Court in the District of Oregon, Portland Division is the correct jurisdiction and venue**.

<u>NECESSARY PARTIES ARE ADDED AS CROSS-DEFENDANTS</u>

Certain parties have been added as necessary cross-defendants, due to their inalienable involvement in the history and present status of the subject mortgage, property, securities, trusteeship, as well as regulatory governance over the involved parties and mortgage transactions.  These necessary cross-defendant parties are:

1. WELLS FARGO BANK, N.A, (herein, "WFB"), the actual regulated banking entity, which is separate and distinct from the sub-entity "WELLS FARGO BANK, AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES TRUST 2006-AR1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR1".  It is WELLS FARGO BANK, N.A. upon which legal responsibility lies and regulatory governance jurisdiction exists.

2. JP MORGAN CHASE BANK, N.A. (herein, "JPMC") appears, based on information and belief, to have acquired in some manner some assets of GPM, and then claimed to be the owner of our loan after Greenpoint Mortgage, and therefore is in the alleged chain of ownership of our mortgage loan and or trust deed.

3. EMC MORTGAGE: (herein, "EMC"):  EMC attempted to claim some manner of authority to engage in negotiations and approve our loan modification.

4. GREENPOINT MORTGAGE MORTGAGE: Greenpoint Mortgage (herein, "GPM") was the sole originator (neither Wells Fargo nor JPMC nor EMC) of our mortgage loan, yet failed to properly document their alleged conveyance of ownership of our loan to any other party or entity, specifically to WFB.  Since GPM's forcible closure in 2007 by banking regulatory agencies, GPM ceased to exist as a separate corporate entity, and, base on information and belief, it is not know what persons or officers could execute any transfer or conveyance documents, and no conveyance was, at any time, made from GPM to WFB.

5. UNKNOWN SUCCESSOR TO GREENPOINT MORTGAGE: As above noted, Greenpoint (GPM) is no longer an extant separate corporate entity.  No legally cognizable or proven purchaser of our GPM loan has yet been identified or proven to have a valid chain of ownership and purchase of our mortgage Note or Trust Deed.  Other successors or claimants of ownership of our Note and Trust Deed, or certain other entities (including "trustees" appearing

who have concealed the true owner of our Note and Trust Deed) that are presently unknown to Defendants, are necessary parties to this litigation.

6. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (aka MERS): MERS was "appointed" as a "nominal beneficiary to our loan. MERS has been the subject of substantive attention by the Oregon Supreme Court (see, in particular, *Brandrup* and *Niday*) and is instrumentally and inextricably involved in the subject Trust Deed, and is thus a necessary party.

7. THE FEDERAL RESERVE BANK: The Federal Reserve Bank of San Francisco (herein, "FRB") is the regulatory agency for WFB, and a necessary party.

8. FEDERAL DEPOSIT INSURANCE CORP (aka and herein, "FDIC"): The FDIC has filed a major case, *FDIC v. Bank of New York Mellon*, U.S. District Court for the Southern District of New York, Case No. 15-CV-06560, involving and detailing the improper documentation of the CWABS loans, the voiding of these hundreds of millions of dollars of loans and reversion back to the loan originator, the inflation of represented property values, and the bank's misrepresentations of these loans so severe that they rise to the level and definition of fraudulent loans. As a consequence of this, the FDIC has become a necessary party to the instant loan.

The Hon. Andrew L. Carter, Jr. is presiding over that case, which is currently going forward as of this date in August 2016. The results of that case, and the documents that are produced in the discovery ordered, are of profound significance and relevance to my own case, particularly as to the defective and fraudulent documents of the "transfer" process, <u>on which WFB relies to assert any claim of interest in our home mortgage</u>.

For over five years, I have petitioned this court[3], the Portland Division of the Oregon U.S. District Court, to require that WFB produce these same transfer documents, and this Court has refused to do so.  It seems it takes a much bigger player than I (which the FDIC obviously is), an individual homeowner, to get the attention of the court to finally make these documents see the light of day.  These transfers were flawed, incomplete, contained falsified documents, and were demonstrably fraudulent; as a consequence, any alleged standing to claim an interest by WFB, much less to attempt to foreclose and take our home, is fatally defective.

There is an additional case now active, also in the U.S. District Court for the Southern District of New York, FDIC v. Citibank, US Bancorp, et al, Case No. 1:15-CV-06574, which also is directly relevant and bears on the instant litigation.

There are literally countless active lawsuits[4], in the hundreds of millions and even billions of dollars, all revolving around, and addressing the exposing and examination of these incomplete, falsified and fraudulent transactions, and to level appropriate judicial remedies and penalties against these banks.  To ignore this would be an ineradicable injustice to me, as the individual pro se homeowner, who has striven persistently to bring these same issues and documents to production and examination for their veracity, accuracy or fraudulent nature by this Court.  As ruled just a few months ago by the Hon. Gregory Woods,  "BNYM ignored widespread, systemic abuse in how the underlying loans were underwritten and serviced, and failed to require that these loans be repurchased."  "Indeed", Judge Woods wrote in his

---

[3]  In my related case, Barker v. JP Morgan Chase Bank, Bank of New York Mellon, Wells Fargo Bank, et al, Case No. 3:11-CV-00579-MO.

[4]  See the many FDIC filed cases, Royal Park Investment cases, and cases wherein BNYM, Wells Fargo, U.S. Bank, Bank of America, JP Morgan Chase Bank, etc are defendants – this is an area of monumental judicial focus, and an as-yet unresolved set of controversy and issues and relevant final case outcomes.

decision, "it would be implausible to assume that somehow all of the mortgage loans underlying the trusts miraculously avoided the pervasive practices of the industry at the time."

9. UNITED STATES DEPARTMENT OF THE TREASURY: (herein, "USTreasury"): The USTreasury provides loan guarantees to banking institutions, including the subject cross-defendant WFB, which allows these banks to collect 80% of the face value of a home loan on which they foreclose.  This not only constitutes an 'insurance' policy for banking institutions (at the cost of all United States Taxpayers), but it creates an extraordinary motivation for banks to attempt to foreclose on American family homes, even when those banks have defective, missing, incomplete and fraudulent documents on which they purport to rely, and when those banks have paid nothing whatsoever to supposedly purchase our home loans: they have thus suffered and can allege no financial injury whatsoever, yet they are allowed to receive payment of 80% of the face value of the original mortgage at the USTreasury window.  The USTreasury is a necessary party to the foreclosure case, as a function of its insurance guarantee.

10. LAW OFFICES OF McCARTHY & HOLTHUS (herein, "McH"): McH attempted to file a case in a State of Oregon court, in full and later-admitted knowledge that an active case involving the same property, the same parties, the same Note and same Trust Deed was already extant and in ongoing and active litigation in the federal court system.  This was no mere 'error': confronted with their inability to prove they had standing or documentation such as could adequately defend the extant federal case, and frustrated that they had been prevented from attempting to foreclose on my property, McH prepared and filed the Clackamas County Court case, unethically and improperly seeking to avoid the scrutiny of applicable federal law (with particularity, **federal *consumer protection* laws**), and in violation of all principles of res judicata and the abstention doctrine.  For their direct and complicit participation with WFB in

the illegal scheme to attempt to improperly foreclose on our home, McH, and each individual attorney, including but not limited to Robert Hakari, who affixed their name to their Clackamas County case filing, are named as cross-defendants, and recovery of damages must be sought against McH and the above individual attorneys, and are thus necessary parties.

## JUDICIAL NOTICE IS REQUESTED OF THE FDIC v. BNYM case in the

## U.S. DISTRICT COURT, FOR THE SOUTHERN DISTRICT OF NEW YORK

## WITH APPLICABILITY AND SUPERCEDING REFERENCE

As the federal case *FDIC v. Bank of New York Mellon*, U.S. District Court for the Southern District of New York, Case No. 15-CV-05660, (see attached Supplemental Brief and Superceding Case Reference) is in the public record, judicial notice is same is requested, with clear applicability to the matters of the instant litigation.

## RES JUDICATA

This removal may be subject to res judicata, due to the extant case was filed in the United States District Court, for the District of Oregon, Case No. 3:11-CV-00579 MO, which is now in the Ninth Circuit Court of Appeals, Case No. **16-35615**, involves the same parties: Charles Barker III, Wells Fargo Bank, JP Morgan Chase Bank, MERS, and EMC, and pertains to the same real property, the same Note and the same Deed of Trust.

That Case No. **16-35615,** remains active, open and under the jurisdiction of the United States Ninth Circuit Court of Appeals, as of the present date August 19, 2016.

The plaintiff in that case is Charles Barker III.

One of the defendants in that case is Wells Fargo Bank.

The real property which is the subject of the new case that was improperly filed in Clackamas County Court by Wells Fargo Bank ("WFB") pertains to the same property which is the subject of controversy in the federal case: 15268 Penny Avenue, Sandy, Oregon 97055.

The Deed of Trust which is the subject of the new case improperly filed in Clackamas County Court by the WFB is the same Deed of Trust recorded on the real property which is included in the subject of the controversy in the federal case: 15268 Penny Avenue, Sandy, Oregon 97055.

The Note which is the subject of the new case improperly filed by WFB in Clackamas County Court is the same Note which is included in the federal case: originally executed by Elmer V. Dunham (my since-deceased father-in-law) and issued by Greenpoint Mortgage.

The matters of the controversy make it mandatory that this case be heard <u>only in federal court</u>, due to the invocation of federal laws that can only be heard in federal court, including the Fair Debt Collection Practices Act (FDCPA), the Consumer Credit Protection Act (CCPA), the Real Estate Settlement Procedures Act (RESPA), the Uniform Trade Act (UTA), the Securities Act of 1933 and the Racketeer Influenced and Corrupt Organization Act (RICO).

Finally, were a case to be allowed to proceed in state court, and any judgment rendered there which might allow a foreclosure to take place, an innocent third party new buyer could be harmed, should the federal court (including the Ninth Circuit Court of Appeals) then find that the foreclosure was defective, on multiple bases, including that WFB is not a real-party-in-interest, did not have standing to sue, the chain of assignments is void, property title is clouded and defective.

## A. FEDERAL LAWS ARE INSEPARABLE FROM THE SUBJECT MATTERS

While the plaintiff WFB would very much prefer to try to portray these matters as "only" matters of foreclosure, and thus limit and confine jurisdictional matters to a state court, laws which have been put into place to protect consumers from abuses of financial institutions have been enacted at the <u>federal</u> level by the United States Congress. Consequently, not only is the federal court the court of <u>original</u> jurisdiction, but those very consumer laws enacted by Congress <u>cannot</u> be heard by a state court.

Make no mistake: controversy exists as to the specific applicability of each federal law that has been raised in this removed U.S. District Court case. There are multiple issues of contested material fact, applicability of laws and pertinent matters of equitable and fair resolution between the parties. However, defendant herein has a constitutional right to having these matters fully heard and all facts discovered and brought before the <u>federal</u> court bestowed by the civil right of due process guaranteed under the Fourteenth Amendment to the United States Constitution. Defendant's defenses and counterclaims are founded and based on **<u>federal consumer protection laws</u>**, which cannot be heard by a state court, and can only be heard in the court of correct jurisdiction: the United States District Court.

## B. STATUTORY DIVERSITY IS PRESENT

The diversity statute, 28 U.S.C. Sec. 1332(a), provides, in relevant part, that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States".

As set forth in relevant case matters: "For a case to qualify for federal jurisdiction under section 1332, there must be complete diversity of citizenship between the **opposing** [emphasis

added] parties – in other words, all of the plaintiffs must be citizens of different states than the

defendants. *Exxon Mobil Corp. v. Allapatah Servs., Inc.*, 545 U.S. 546, 553, (2005).

a. Plaintiff Wells Fargo Bank is registered and domiciled at its headquarters office located at: 420 Montgomery Street, San Francisco, CA 94104;

b. Mortgage Electronic Registration Systems (MERS) is a Delaware corporation, with corporate headquarters offices located at 1818 Library Street, Suite 300, Renton, Virginia 20190;

c. The original lender, plaintiff's predecessor in interest,  Greenpoint Mortgage, was registered and domiciled at its headquarters office located at: 100 Wood Hollow Drive, Novato, California 94945, upon whose documents and actions plaintiff purports to rely;

d.  The Federal Reserve Bank, for the district including Oregon, is located at 101 Market Street, San Francisco, California 94105.  The Federal Reserve Bank, for the district governing the JP Morgan Chase Bank is located at 33 Liberty Street, New York, New York 10045;

e. The Federal Deposit Insurance Corporation (FDIC) is located at 1776 F Street NW, Washington DC 20006;

f. The United States Department of the Treasury is located at 1500 Pennsylvania Avenue NW, Washington DC, 20220;

g. The headquarters offices of McCarthy & Holthus are located at 1770 Fourth Avenue, San Diego, California 92101.

 h. The headquarters offices of First American Title Company are located at: 1 First American Way, Santa Ana, California 92707.

i. The subject property and defendant are located in the State of Oregon.

Multi-state diversity is present: California, New York, Virginia, Washington DC, and the State of Oregon.  All plaintiffs, defendant and cross-defendants are **opposing** parties.

The amount in controversy exceeds $75,000.

ALL OF THE ELEMENTS OF DIVERSITY ARE PRESENT.

Removal to the federal court is therefore mandatory.

C.  <u>DEFECTS AND FACTUAL MISSTATEMENTS AND MISREPRESENTATIONS</u>
<u>BY PLAINTIFF RENDERS PLAINTIFF'S MOTION TO REMAND FATALLY DEFECTIVE</u>

1. Certificate of Compliance.  As set forth in Defendant's Motion to Strike filed Jul 14, 2016, WFB failed to confer, in violation of Local rules requiring same prior to the filing of any motion.  Plaintiff WFB and their attorneys McH failed to confer in any reasonable definition of the term "confer". Instead, they propounded their demand that I immediately withdraw the removal to federal court, and attempted to intimidate and threaten me with monetary penalties if I refused.  By no stretch of elasticity of interpretation does this constitute "conferral". Nonetheless, this Court denied my motion to strike, and allowed WFB's motion for remand to proceed.

II. Motion. Applying the plaintiff's own citations:

- 28 USC Sec 1441 (a)  "Generally – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending."

Rebuttal:    i) No new Act of Congress has subsequently altered Sec 1441 (a);

ii) the district court has original jurisdiction due to the nature of federal consumer protection laws which the state court cannot hear; and

iii) the district and division for the subject matter is in Clackamas County, City of Sandy; consequently the Portland Division of the Oregon District court is the proper court for removal of this case.

As a consequence of the foregoing, this section is inapplicable on which to grant remand.

- 28 USC Sec 1441 (b) (1) is inapplicable, as no defendants are known to have been sued under fictitious names:

- 28 USC Sec 1441 (b) (2) is also inapplicable, as the instant case was not removed solely on the basis of Section 1332(a) (Diversity of Citizenship; amount in controversy). Diversity is but one of the multiple bases which made removal to the federal district court necessary and mandatory.

- 28 USC Sec 1446.  The Notice of Removal was filed on June 30, 2016, signed pursuant to Rule 11 of FRCP, and contained a statement of the grounds for removal, together with a copy of all  pleadings served upon defendant.  Written notice was provided to the adverse party, and a copy of the Notice of removal was filed with the State Court on July 1, 2016.  Therefore,  28 USC Sec 1446 has been fully complied with by defendant, and this section is also inapplicable on which to grant remand.

- 28 USC Sec 1447.  The district court has issued necessary orders, the removing party filed all records from the State court that had been served upon me as of the time of removal, and the federal court has subject matter jurisdiction mover both the state and federal laws at issue.  28 USC Sec 1447 has therefore been fully complied with by defendant, and removal cannot be denied on this basis; consequently, this section is also inapplicable on which to grant remand.

- 28 USC Sec 1447 (c)  It cannot be refuted, by the district court, or by WFB, that <u>the district court has subject matter jurisidiction</u>.  Consequently, not only can no levy of attorneys fees or costs be awarded to plaintiff or their attorneys, costs must be awarded to defendant for having to oppose the plaintiff's improper motion to remand.

- 28 USC Sec 1331 – "Federal Question -  **The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."**

Here, the plaintiff's themselves cite the very section of U.S. Code that <u>requires</u> that this case be heard in federal court.  This action invokes the federal consumer protection laws which were enacted to protect homeowners nationwide – there is no equivalent in state courts - in particular, in the Oregon state court law - and the district court has <u>original jurisdiction</u>.

**Therefore, as addressed above with specificity, each and every one of the bases on which WFB attempted to assert remand is inapplicable, defective, and <u>cannot</u> support any remand to the state court.**

II. Factual Background

The attorneys for WFB recount only those facts that they find convenient to their attempts to avoid the proper applicability and scrutiny of the matters of this controversy under the federal laws which were enacted by Congress to protect homeowners – myself – against the abuses of banks and financial institutions and their agents  - that cohort of agents including their attorneys acting in concert with the banks to improperly wrest homes from owners - on documents that are flawed, incomplete, out of regulatory compliance and therefore their reliance and use of same is <u>fraudulent</u>.  Worse still, this fraud is committed knowingly by the banks and their attorneys, and this Court has thus far failed to require them to produce the

documents and evidence in order that the truth – the facts – can be revealed and exposed to the court, the jury, the public and the world, eliminating reliance on one side or the other claiming something to be true or false.  Why the court has failed thus far – over five years[5] – to do so is not merely baffling, it is cause for alarm, and has constituted an abridging of the civil rights of due process that is constitutionally due to defendant herein.

The cursory recital that plaintiff WFB and their attorneys purport to be "the facts", but which intentionally excludes the "inconvenient" complete array of the total facts of this matter, constitutes nothing less than a misrepresentation of the facts to this court by WFB and their attorneys.

So rampant are these practices that Congress has been compelled to enact these applicable consumer protection laws, and federal agencies, including the Federal Deposit Insurance Corporation (FDIC), the U.S. Department of Justice and the Securities & Exchange Commission have had to prosecute these banks specifically for their behaviors with respect to these mortgage loans.

Plaintiff WFB and their attorneys recite the "facts" of this controversy as though it started the day they filed their state court case on June 23, 2016.  Do they really think anyone could believe that was the start date of the facts of these matters?  That no events predated their filing of that case?  My purchase of the property?   My investment of over $75,000.00 in cash in the purchase of our home?  EMC's failure to continue to accept my monthly payments I made from the very outset of the loan, and that I continued to make in accord with the Loan Modification, when I had made, and continued to make, each and very payment on time, always in certified and/or Western Union funds?  The mysterious and missing documents which

---

[5]  In the related case, Barker v. JP Morgan Chase Bank, Bank of New York Mellon, Wells Fargo Bank, et al

have somehow eliminated our lender, Greenpoint Mortgage, and brought an unknown, undocumented "trustee" into the picture (EMC? Capital One? JP Morgan Chase – certainly never "Wells Fargo Bank")?   WFB's attorneys pretending that the "facts" began on the day that they filed their county court case is clearly so blatant an untruth that it rises to the level of perjury.  But why is it that this court never acknowledges these untruths, this perjury, and <u>never</u> sanctions the banks or their attorneys for this?

The complete recital of the facts involved with this case, in chronological order, are:

- On October 12, 2005, I, together with my family, purchased the subject property located at 15268 Penny Avenue, Sandy, Oregon.

- From cash savings, I made the property purchase earnest money deposit of $4,000.00

- From cash savings, I made the remainder of the down payment and closing costs, and tendered these to the purchase escrow in the amount of $ 68,264.01.

- We obtained financing for our home with the participation of my father-in-law, Elmer V. Dunham, from Greenpoint Mortgage, Loan Number: 0202631875, dated: October 4, 2006, in the amount of: $ 158,900.00

- Following our purchase, I made additional capital improvements to the subject property in the amount of $ 3,164.72.

- August 2007: The total cash that I invested into the down payments purchase escrow and immediately following capital improvements is  **75,428.73[6].**

**-** I made each and every monthly payment, until EMC suddenly ceased accepting and processing my monthly payments.

---

[6]  By attempting to file a foreclosure case, WFB has place my personal cash investment of $75,428.73 at risk of loss (not including the additional amounts of tens of thousands of dollars of interest that I have paid to Greenpoit, EMC and JPMC on this loan).

- June 2008: Unbeknownst to me, Greenpoint Mortgage had been subsumed into Capital One Bank, in what was later revealed to have been a closed-door session in the offices of Secretary of the Treasury Timothy Geithner, wherein Capital One, and based upon information and belief, subsequently JP Morgan Chase Bank, were apparently allowed to acquire the mortgage loans of GPM for less than one cent of the face value of each mortgage dollar. However, those transfer documents were never completed.

- March 2009: When the mortgage crises – precipitated by these banks themselves, in their voracious appetite for profits, creating mortgage that drove housing prices dramatically upwards, when we, as the homeowners, could not hope to keep pace with that trajectory, we engaged with EMC Mortgage – who by this point in our loan (2008) represented themselves as our loan servicer – and completed and executed a Loan Modification Agreement.  I made each and every payment, in strict accord with that Loan Modification Agreement, and EMC accepted the next fourteen (14) months of payments from me, only to suddenly cease posting same, in March 2009, and failed thereafter to post my Western Union tender of continued monthly payments.

Despite my repeated and persistent attempts to determine who would continue to accept my monthly mortgage payments, no recipient would acknowledge their authority or ability to accept same.  Consequently, tough there was the appearance of my having failed to make the monthly payments under the Loan Modification Agreement, when, in fact, I had made each monthly payment right up to the date when EMC ceased accepting my tender of same, and thereafter, despite every imaginable good faith effort to determine who had the authority to accept my payments.  Where are the bank records of our payments?  Where is their loan history, which they would certainly have, if they were the actual owner of our loan?

I, as so many people do, rely on banks to maintain accurate records of our checking, savings, credit card and mortgage accounts. We have a reasonable expectation to rely on banking records, and that these banks are accurately calculating the amount of interest that is charged each month[7], provide accurate records of all of our payments, and our balances in accounts of all types.  Where are these bank records? How could Wells Fargo even pretend to allege a "default", much less attempt to start a foreclosure when they have not yet even produced any account records which show the history of our loan from its origination.  I do not have an accounting system which can calculate the interest due each month, and, I am not the recipient of the payments (I am the payor); therefore, I cannot book payments to the proper debit or credit ledger.  These records must be produced by whomever claims to own our loan before a single further step is taken in sorting out and resolving the controversy regarding our home mortgage.

Even Wells Fargo's foreclosure documents are obviously erroneous – they attached only copies of the original note...this was **completely superseded** by the Loan Modification Agreement that we negotiated and executed, and thereafter made all payments to EMC Mortgage on the subject Penny Avenue home. Where is their original of that Loan Modification Agreement, as that is the operative document that sets forth the lender – borrower relationship?

- On September 23, 2009, Mary R. Dunham, my mother-in-law, became deceased. My father-in-law, Elmer, and I continued to make the payments on the loan, which by then had become occupied by our youngest daughter, Elmer's grand-daughter.

---

[7]  In an amortizing mortgage loan, the amount that is applied to iterest, and the amount that is applied to principal, changes with each payment, as the principal balance incrementally is reduced.  Onsequently, we rely on the banks to provide those accurate figures.

- I continued repeatedly to attempt, following Mary's death, to contact and communicate with EMC, to ensure that they had contact information for me, and to ensure the continuum for tender of payments.  Despite repeated attempts, Greenpoint appeared to have been subsumed into Capital One Bank – later, it appeared that it was JP Morgan Chase Bank that had become somehow involved, but no staff member of EMC was able to provide any information about our loan, or whether they even were the "substitute" lender.  Never once was any document ever received that somehow Wells Fargo Bank had become the owner, or even involved in any way with, our loan.

- September 2009:  Following Mary's death, all of the family assets and financial affairs inured to her surviving spouse of 54 years, Elmer V. Dunham (my father-in-law), and together we continued administration of all family financial affairs.  As I had contributed all of the cash down payment, and made the mortgage payments, the mortgage interest, property taxes and any applicable property owner deductions are reported on my personal tax returns.

- December 27, 2010, due to the disruptions of Mary's passing, and precipitated by bank attempts to begin trustee's sale type of foreclosure (despite none of these banks having anything whatsoever to do with our property or mortgage, and our having no business or lender-borrower relationship with Wells Fargo Bank), Mr. Dunham had to file a bankruptcy case[8] to simply stop their attempts at "non-judicial" foreclosure, as, in a 'trustee's sale' type of foreclosure, there was no legal forum in which to raise the myriad issues and legal defenses to this improper attempt at foreclosure by a bank that had no verifiable standing to even assert same.  In this federal bankruptcy case, the Hon. Randall Dunn demanded that Bank of New York Mellon, Bank of America, Wells Fargo Bank, JP Morgan Chase Bank, U.S. Bank, and any

---

[8]  See In Re: Elmer Dunham, US Bky Oregon Case No. 10-42021-ELP7, filed 12/27/2010. Closed March 4, 2011

other bank which was attempting to claim some right in our loans provide proof of their ownership, standing and chain of transfer documents in order to be able to appear in the case over which he was presiding. Not one of the banks provided so much as a single page of such proof.

- On January 14, 2011, WFB executed a document purporting to transfer or assign the note to themselves (is this even legal?). WFB is a heretofore unknown claimant to this Note and/or Trust Deed, and this pattern of behavior is indicative of the arrogance and flagrant disregard for established law covering specifically such assignments. Just 11 days earlier, on January 3, 2011, the I had received a letter from the law firm Pite Duncan; who asserted that their client JPMC (JP Morgan Chase Bank) was the owner of the note. Moreover, just days prior to *that* date, in December 2010, a letter was received by us from EMC Mortgage claiming *they* were the owner of the Note. The true owner of either the Note or Trust Deed is **unknown and unproven**.

- On May 12, 2011, the case Barker v. GMAC Mortgage, Wells Fargo Bank, Bank of America, Bank of New York Mellon, et al was filed by Charles Barker III and Elmer V. Dunham. That case was filed in the United States District Court, for the District of Oregon, Case No. 3:11-CV-00579 MO. That Case No. 3:11-CV-00579 remains active, open and under the jurisdiction of the United States Ninth Circuit Court of Appeals, in Case No. **16-35615,** as of the present date August 20, 2016.

The plaintiff in that case is Charles Barker III.[9]

---

[9] Elmer Dunham was also a co-plaintiff at the time of filing May 2011; Mr. Dunham has since become deceased.

One of the defendants in that case is Wells Fargo Bank, specifically pertaining to the same property and loan: 15268 Penny Avenue, Sandy, Oregon; Loan Number: 0202631875.

The real property which is the subject of the case improperly filed in Clackamas County Court by Wells Fargo Bank is the same property which is the subject of controversy in the federal case: 15268 Penny Avenue, Sandy, Oregon.

The Deed of Trust which is the subject of the case improperly filed in Clackamas County Court by Wells Fargo Bank is the same Deed of Trust which is the subject of the controversy in the federal case: 15268 Penny Avenue, Sandy, Oregon.

The Note which is the subject of the case improperly filed by WFB in Clackamas County Court is the same Note which is included in the federal case: originally executed by Elmer V. Dunham (my since-deceased father-in-law) and Greenpoint Mortgage which was subsequently modified with EMC Mortgage).

- On June 24, 2014, Elmer V. Dunham passed away. All remaining assets, properties and financial affairs were assumed by myself.

The U.S. District Court case was reviewed by the United States Ninth Circuit Court of Appeals, Case No. 11-35841. On August 10, 2015, the Court of Appeals rendered an Order reversing in part the ruling of the Portland District Court, and remanded same for further consideration.

- August 10, 2015 – The United States Ninth Circuit Court of Appeals, in their Order, ruled specifically that defendant Charles Barker III herein (and I am the Plaintiff/Appellant in

the first-filed case, which is again before the Ninth Circuit Court of Appeals) had standing to appear individually, following the demise of my co-plaintiff Elmer V. Dunham.

- On June 23, 2016, WFB – apparently being frustrated by the Ninth Circuit Court of Appeal ruling, which mandated the further examination and consideration of the issues and legalities of the subject loan and *specifically commanding the Oregon District Court to consider the* _general unfairness_ *(which the District Court failed to do, resulting in that being a seminal foundation for the current appeal and return to the Ninth Circuit COA)* filed a case in Clackamas County (state) court for foreclosure. WFB filed this case, despite their having undeniable, and specifically admitted, foreknowledge of the extant federal case in district court, involving the same real property, the same Note, the same Deed of Trust, the same parties: myself and Wells Fargo Bank.

- June 30, 2016 – This case was removed from the Clackamas County state court to U.S District Court. The basis for removal is set forth in that Notice.

- On August 15, 2016, I filed a motion for reassignment of this case, based upon defendant's inability to receive a fair trial, and the present judge's marked proclivity to side with the banks and their attorneys, and established pattern of refusal even to have this Court require production of documents by the WFB "'trustee", such as would affirm or refute whether they had standing to bring the foreclosure suit. The complete text of that motion is set forth in the record and file of this case. As this is in the public record, judicial notice of same is requested.

- On August 17, 2016, this court denied that motion for reassignment.

- As of today's date, August 20, 2016, the Barker v. JP Morgan Chase Bank, Bank of New York Mellon, Wells Fargo Bank, et al case is active in the United States Ninth Circuit

Court of Appeals, in Case No. **16-35615,** and is calendared for filing of my Opening Brief and successive responsive briefs.

<u>ADDITIONAL RELEVANT FACTS</u>

The matters of the controversy make it mandatory that this case be heard <u>only in federal court</u>, due to the invocation of federal laws that can only be heard in federal court, including the Fair Debt Collection Practices Act (FDCPA), the Consumer Credit Protection Act (CCPA), the Real Estate Settlement Procedures Act (RESPA), the Uniform Trade Act (UTA), the Securities Act of 1933 and the Racketeer Influenced and Corrupt Organization Act (RICO).

Moreover, were a case to be allowed to proceed in state court, and any judgment rendered which might allow a foreclosure to take place, an innocent third party new buyer could be harmed, should the federal court then find that the foreclosure was defective, on multiple bases, including that BNYM is not a real-party-in-interest, did not have standing to sue, the chain of assignments is void, property title is clouded and defective, etc.

Wells Fargo Bank is clearly not a real-party-in-interest.  Their own case filing in Clackamas County Court evidences their admission of same, as they sue as a "trustee" for some other unnamed and undisclosed person or party.  FRCP 17(a)(1)  sets forth: **"Every action shall be prosecuted in the name of the real party in interest"**.

<u>THIS SAME DISTRICT COURT ACCEPTS REMOVAL OF A STATE COURT FORECLOSURE ACTION, WHEN REMOVAL IS MADE BY THE BANKS, BUT REJECTS REMOVAL WHEN THE IDENTICAL CASE TYPES ARE REMOVED FROM STATE COURT BY THE HOMEOWNER DEFENDANTS</u>

I have just spent several hours researching case by case histories in this same United States District Court, for the District of Oregon, Portland Division. Without exception, each and every case involving foreclosure, including cases captioned as breaches of contract, quiet title, breach of fiduciary duty, etc, all involving real property home mortgages, in each and every instance, where removal was made by the bank or financial institution, the court proceeded with the case in the federal court.  Conversely, in each and every case where removal was made by the property homeowner, the court remanded the state court cases back to the county court where it was originally filed.  This is an astounding revelation, and is manifestly indicative of a pronounced prejudice in favor of banks and financial institutions, who get to have their cases heard in federal court when they want, but when the homeowners seek the same protections and forum of federal law, this U.S. District Court rejects same.

As investigative research and careful perusal of the records of this District Court has revealed, the Oregon District of the U.S. District Court has a demonstrable history of allowing removal of foreclosure actions from state court when the removal is made by the banks and financial institutions, but rejects removal, and instead orders swift remand when the removal is made by the homeowner defendants.  This is an irreconcilable conundrum, and a manifest injustice to homeowners such as myself, and a clear and present prejudice against us/me as a homeowner and in abject favor of the banks.

In fact, I first became familiar with the removal (from state to federal court) process in a case that I had filed against Saxon Mortgage and US Bank in Multnomah County Court in 2012.  *Barker v. Jantzen Beach Village, MERS, Saxon Mortgage, U.S. Nat'l Bank, et al*, Case No. 3:12-CV-01828-BR.  When, on October 12, 2012, Saxon Mortgage and U.S. Bank "hereby

removes this action from the Circuit Court of the State of Oregon", the District Court <u>allowed</u> same, and retained jurisdiction throughout the conclusion of that case over a year later, on November 20, 2013.

As recently as last month, in this same court, in *Horner v. Plaza Home Mortgage, JP Morgan Chase Bank*, Case No. 3:16-CV-00605, the Hon Michael H. Simon <u>allowed</u> the removal filed by JP Morgan Chase Bank, of the foreclosure action from the Washington County state court on April 8, 2016, and then ruled upon the matter on July 1, 2016.

- *Marushev v. Selene Finance, Fidelity Title*, et al, Case No. 6:14-CV-00610.  Fidelity Title hereby removes..." and the district court again <u>allowed</u> the removal to the federal district court and the case to proceed.

- *Raybould v. JP Morgan Chase Bank,* Case No. 6:13-CV-01966-TC:  "JP Morgan Chase hereby removes..." and the district court <u>allowed</u> the removal and the case to proceed.

- *JP Morgan Chase Bank v. Quan, et al,* Case No. 3:14-00381.  On On May 9, 2014, attorneys for the United States of America filed their Notice of Removal, which was <u>allowed</u> to proceed, in this very same court, in the court of Judge Michael Mosman.  Rather than remand the case, Judge Mosman issued the Discovery Order, and allowed the case to proceed, all the way until it was voluntarily dismissed.

- *Tindell v. Champion View, National Credit Union Admin*, et al, Case No. 13-CV-01712.  NCUA hereby removes..." the district court <u>allowed</u> the removal and the case to proceed, and it proceeded to full ruling and judgment on March 3, 2014.

- *Hayes v. Wells Fargo Bank*, case  No. 3:15-CV-00651:  Wells Fargo Bank hereby removes...” and the district court <u>allowed</u> the removal and the case to proceed, and it goes to full ruling and judgment on September 28, 2015.

- *Nash & Nash v. Wells Fargo Bank*, Case No. 6:13-CV-02083;  “Wells Fargo Bank hereby removes...” and the district court <u>allowed</u> the removal and the case to proceed, and it goes to full ruling and judgment on May 13, 2014.  Judge Michael McShane presides over this case, and allows it to proceed i federal district court - compare this to McShane immediate remand of my case below.

- *Nicol v. Wells Fargo Bank*, Case No. 3:13-CV-01903: “Wells Fargo Bank hereby removes...” and the district court <u>allowed</u> the removal and the case to proceed, and it goes to full ruling and judgment <u>in this court</u> on June 13, 2014.

 Juxtapose this against what happens when the home owner files for removal from state court to federal court:

- *JP Morgan Chase Bank v. Richland*, Case No. 3:14-CV-00104-SI:  Mr. Richland files the Notice of removal, and the district court <u>remands</u> it right back to the state court on April 25, 2014.

- *Barker v. US Bank*, Case No. 6:15-CV-00046-MC. I filed the Notice of Removal on January 8, 2015.  Shortly thereafter, on March 16, 2015, Judge Michael McShane summarily rejected and <u>remanded</u> that case back to the Lane County Court[10].

---

[10]  So profoundly prejudicial and unprofessionally vitriolic, dismissive and condescending was Judge Michael McShane, with conduct unbecoming a member of the judiciary, violating all boundaries of a civil right to de minimus courteous treatment in court proceedings, that I was compelled to file a formal complaint for judicial misconduct.

- *Rinegard-Guirma v. LaSalle Bank*, Case No 3:14-CV-01499: This was remanded so blindingly fast by Judge Mosman, that it is near unbelievable: On September 22, 2014, Natache Rinegard-Guirma filed her Notice of Removal from the state court. Only seven days later, a motion to remand was filed by the attorney, Emilie Edling, for US Bank/LaSalle Bank trustee. Incredibly, just three days later, Judge Mosman terminated the federal district court case and remanded it back to state court. Ms. Rinegad-Guirma was not given even 72 hours to respond or oppose? How is this possible? **All told, Judge Mosman dispatched and remanded the case out of his courtroom and back to state court in but ten days, when removal was filed by the home owner, not a financial or governmental institution.**

Does the above indicate that something very wrong, very nefarious is going on? Without question, such is the case.

**Without question, extreme prejudice in favor of the financial institutions and against homeowners, and myself personally is indicated and present.**

<u>SANCTIONS AGAINST PLAINTIFF & PLAINTIFF'S ATTORNEYS ARE WARRANTED</u>

The filing of the state court litigation is clearly is a case of Wells Fargo Bank and their local attorneys McCarthy & Holthus seeing if they can "get away with this". They cannot feign ignorance of the existence of the federal case[11]; Wells Fargo and JP Morgan Chase and EMC Mortgage are all defendant parties in that same case, and have been since it's inception over five years ago in May 2011. Consistent with their (WFB and the local law firm McH) patterns of behavior in attempting to foreclose on American people's homes, they try to elude the matters of consumer protection law – the vast majority of which are *federal* laws and can thus

---

[11] US District Court Case No. 3:11-CV-00579-MO, and Ninth Circuit Court of Appeals Case No. 16-35615.

only be heard in federal court – and also attempt to completely sidestep the threshold and seminal issues that they are neither a real-party-in-interest and are unable to prove the chain of custody and document any consideration paid for their supposedly coming to own the Note or Trust Deed.

Worse still, WFB and the attorneys of McH have done this knowingly and willfully, perhaps hoping that I and other defendants would be financially unable (e.g. hiring of an attorney, paying filing fees) or lacking the information to bring this to the Court's attention. They knew the federal case was extant and active. They knew the case involved the same parties, the same property, the same Note and Deed of Trust. This they have done clearly knowingly, intentionally, and it is <u>profoundly unethical</u>. For this reason, sanctions in a dollar amount[12] that are sufficient remonstration to penalize the instant behavior, and to discourage the repeat of same in the future, are warranted to be levied against WFB, their executives, the firm of McCarthy & Holthus, and each attorney whose name has appeared on their case filing.

On not less than six foundational bases, this case must be either a) dismissed[13], or b) proceed with the ordering of complete discovery, production of documents and a full and proper trial in the district court:

1. There is an existing, active civil case which commenced on **May 11, 2011**, which covers the exact same real property, the exact same Promissory Note and Deed of Trust, the same parties, and the same issues (plus additional applicable issues over and above what are contended in the plaintiff's complaint filed in the Clackamas County Court case).

---

[12] Considering that WFB has, by their own disclosure,  $13.6 *trillion* in assets under administration, this must be a substantial figure in order to discourage the behavior

[13]  Dismissed with prejudice, with particularity as pertains to "BNYM as trustee", as: a) as a trustee, they cannot, by definition, be the real-party-in-interest, and b) they have failed to produce even a single document such as would verify that they are the lawful assignee of any alleged assignment or transfer of ownership of our loan.

2. The doctrine of res judicata is invoked; there have been rulings in the federal case, including from the Ninth Circuit Court of Appeals, reversing in part, and remanding back to the Portland U.S. District Court, and subsequent rulings from that remand are currently and actively underway in the federal appeals court, which are preemptive to anything that might occur in a state court litigation on the same matters.

3. **Abstention Doctrine**: The abstention doctrine prescribes that a court of law may (or in many cases, *must*) refuse to hear a case if hearing the case would potentially intrude upon the powers of another court.

Specifically, what is referred to as the *Colorado River* abstention, from *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  The factors which are evaluated in application of the abstention doctrine [with notation to the instant matter in brackets] are as follows:

a. **the order in which the courts assumed jurisdiction over property** [in the instant matter, **May 12, 2011** in the federal court; the state court on June 23, 2016, over five years later].

b. **the order in which the courts assumed jurisdiction over the parties** [in the instant matter, **May 12, 2011** in the federal court; the state court on June 23, 2016].

c. **the relative progress of the two actions**[14] [in the instant matter, the federal court case is at a VERY advanced stage, and continues to progress; we are on document filing number 278 as of August 20, 2016; the issues are in a present status of debate and active review in the Ninth Circuit Federal Court of Appeals].

---

[14] Added to the criteria by *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp* in 1983

d. **the desire to avoid piecemeal litigation** [in the instant matter, WFB attempts to parse out and address only a single [of many] issues: that of 'foreclosure', while attempting to avoid the laws, consumer protections, defects in their standing, and matters of unfairness and inequity (which the Ninth Circuit Court of Appeals specifically required that the District Court address[15])]; allowing a state court case to proceed on that partial issue would create piecemeal (and potentially conflicted, see below) proceedings in different courts.

e. **whether federal law provides the rule of decision** [in the instant matter, the preponderance of consumer protection laws, as well as laws governing the actions of national multi-state lenders – as undeniably WFB is - are _federal_ laws, which can only be heard in federal court, and are the source of substantive law governing the rules of decision].

f. **whether state court will adequately protect the rights of all parties** [in the instant matter, as above noted, the preponderance of consumer protection laws, as well as laws governing the actions of national multi-state lenders – as undeniably WFB is - are _federal_ laws, which categorically cannot be heard by the state court. This would deny, preclude and unequivocally prejudice and _fail to protect the rights of the defendant_ in the state court filing].

g. **whether the filing was vexatious** (intended to harass the other party) **or reactive** (in response to adverse rulings in the original court). [in the instant matter, WFB and their attorneys from McH appear to be "frustrated" with their inability to foreclose on our home, despite the myriad defects in their position, not the least of which that they have no legally cognizable acquisition of our Note or Deed of Trust, or paid any consideration whatsoever to allege that they are the "owner" or are due any money or property. They seek to elude the

---

[15]  See Memorandum Ruling of the Ninth Circuit Court of Appeals, dated August 10, 2015

constraint of the federal court, to harass undeniably monetarily disadvantaged – in any relative context - American homeowners and their families[16], and to <u>vexatiously</u> harass us into capitulation, employing their overwhelming litigation resources. Moreover, their filing of this Clackamas County state court case is <u>reactive</u> to their not getting their way in federal court, as the federal and federal appeals court carefully peruse and ponder the complex matters of this Note, Trust Deed, invocation of applicable federal laws, and overall general fairness and equity issues.  WFB tries to scurrilously elude the scrutiny of their supposed (yet defective) chain of "transfers" – all without the valuable monetary consideration that is essential to a valid contract for purchase of an asset -  their violations of federal laws (Fair Debt Collection Practices Act (FDCPA), the Consumer Credit Protection Act (CCPA), the Real Estate Settlement Procedures Act (RESPA), the Uniform Trade Act (UTA), the Securities Act of 1933 and the Racketeer Influenced and Corrupt Organization Act (RICO)].

      h. **the relative inconvenience of the forum**. No valid case could be made that the federal court is more "inconvenient"; it is in the City of Portland; the subject property is in the Portland Metropolitan Area suburban community of Sandy, in Clackamas County.  In fact, the U.S. District Court is on Third Avenue – *the very same street as is the office of the McH attorneys of WFB*, at 920 SW 3rd Avenue, Portland, Oregon, so any argument of forum non conveniens is absolutely without merit.

      4.  Conflicted Rulings and Judicial Inefficiency – abstention of a second court is applicable to the subject circumstances, as the later filed case involving even a portion of the

---

[16]  WFB has, by their own disclosure,  $1.849 *trillion* in assets; and thus truly limitless financial resources to hire and pay the very best attorneys and overwhelm individual pro se persons, who do not have access to even a tiny fragment of such monumental fiscal resources

same issues can lead to confusion, conflicted rulings, a waste of court time and resources, as well as the appearance that one court is disrespecting the other.

5. While WFB would desperately wish to pretend that this is "only" a matter of a foreclosure, and thus only state mortgage law (largely ORS Chapter 86) would be applicable and allow this to be heard in a state court, the federal laws which were enacted by Congress as consumer protection laws against the abuses of banks and "debt collectors" (which, by the plaintiff's attorney's own admission, they are; refer to the disclosure that is now required to be included with their communications), the instant controversies are far more complex and invoke federal jurisdiction.

6. Absence of any proof of standing by WFB, or that WFB is the real-party-in-interest. WFB makes claims as though they are an injured party, *when they can support no such claim; WFB tendered <u>no</u> monetary consideration whatsoever to supposedly acquire the subject Promissory Note*. They do not own it. By definition, "WFB as trustee" is <u>not</u> and cannot be, a real-party-in-interest.

WFB's attorneys have claimed to have possession of the subject Promissory Note and Deed of Trust. Whether they do or not is presently somewhat insignificant, although it may precipitate consequences quite different than that which they intended, when claiming to wave these papers high in the air. First, This is no less fallacious than my desiring to own a Bentley Continental, and claiming to own the one parked out front of an elegant restaurant. If I sit at the driver's wheel, and wave to passerby, I have not suddenly become the owner of same, despite the appearance of my possession. If I take this to an extreme, and so desperately wish to take possession of the Bentley that I am compelled to drive away and steal it, that does not

convey legal ownership of same, only an apparent ownership by possession. It is likely my

"ownership" possession will be short-lived, and I would then prospect a stay behind prison

bars. The instant situation with Wells Fargo Bank is no different. If they even have possession

of our Promissory Note and Deed of Trust, they have come to "posses" same by unlawful

means, for they have paid no money to prove consideration paid such as could support their

claim of ownership, only some "possession" of same, <u>no different</u> than the absence-of-

monetary-consideration theft of the luxury automobile. Second, what portends far more

ominously for WFB and their attorneys claiming to have these documents will be potential

criminal repercussions for their having come to claim possession without payment for same,

and the present surfacing of this claim by WFB must prompt submission and turnover of this

matter to the Department of Justice for criminal investigation.

<u>REBUTTAL OF PLAINTIFF'S STATE COURT PLEADINGS</u>

WFB has contended that my federal court case was "an effort to stop non-judicial

foreclosure proceedings". This is false. That federal action encompasses a far broader spectrum

of issues than mere prevention of an improper and unlawful foreclosure; it speaks to the very

core of the actions and hidden machinations of the handlings, transfers, and current validity of

our loan, the unproven – and potentially unprovable – claims of "ownership" of our Note,

violations by Wells Fargo Bank, JPMC, EMC and MERS (Mortgage Electronic Registration

Systems) of multiple federal consumer protection laws, and fairness and judicial balancing of

equities in the relationship. The federal case encompasses WFB/JPMC/EMC's attempt to take

my $75,000.00 in cash down payment and capital improvement investments (not to mention

tens of thousands of dollars in mortgage interest that I have paid) without any recompensation

to me, as well as WFB/JPMC/EMC's and their complicit agents and attorneys violations of the FDCPA, and many other areas of both law and equity.

WFB contends that the federal action is a "different" jurisdiction.  This is incorrect. The federal court jurisdiction encompasses BOTH the matters of federal law and the matters of state law, while the state court is confined to, and can hear only matters of state law.

<u>CONCLUSION</u>

For all the foregoing reasons, it is clear that remand to the state court would be unquestionably improper, and cannot be sustained.

To remand this case out of federal court would constitute a clear abridging of defendant's Civil Right of Due Process, as is guaranteed under the Fourteenth Amendment to the United States Constitution.

Each and every one of the United States Code sections on which plaintiff has tried to rely in attempting to remand this case has been shown to be fatally defective, leaving no room for the granting of their motion.

<u>SANCTIONS ARE WARRANTED AND REQUESTED</u>

In order to adequately redress and discourage plaintiff and their attorneys from repeat behavior of attempting to file a state court action while a superseding federal case was known by them to have been filed and in active litigation, as well as attempting to elude federal court scrutiny and federal consumer protection laws, sanctions are warranted and requested to be ordered against Wells Fargo Bank, their officers, the law firm of McCarthy & Holthus, and the

individual McH attorneys listed on this case, in a dollar amount to by determined by the court, consistent with the financial stature of Wells Fargo Bank, its officers and attorneys.

<u>PRAYER FOR AN ORDER</u>

For all the foregoing reasons, plaintiff's motion to remand must be denied, and an Order issued that this case proceed under the jurisdiction of the United States District Court, District of Oregon, Portland Division, and that sanctions be levied against plaintiff and their attorneys for filing a new action in a state court when a federal case covering the same issues of controversy was extant and active, as well as improperly attempting to prevent this pro se homeowner defendant from raising legitimate defenses and counter-claims in federal court based on federal consumer protection laws.

Respectfully Submitted,

August 20, 2016

 _/Charles Barker III/_____

Charles Barker III, Defendant in Pro Se

Charles Barker III
Defendant in Pro Se
1548 SE 30th Avenue
Portland, Oregon 97214
motgagerecon@gmail.com
Tel: 503-860-3633


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION


| | |
|---|---|
| WELL FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES TRUST 2006-AR1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR1 )<br><br>    Plaintiff   )<br><br>  v.      )<br><br>CHARLES BARKER III, et al )<br><br>    Defendants )<br><br>  v.      )<br><br>WELLS FARGO BANK, et al )<br><br>    Cross-Defendants ) | CIVIL CASE NO. **3:16-CV-01348-MO**<br><br><br><br>CERTIFICATE OF SERVICE |

   I hereby certify that I served a true copy of the Opposition to Motion to Remand was served on upon the plaintiffs and their attorneys via U.S. mail and/or electronic mail service directly and to their attorneys of record on August 20, 2016:


McCarthy & Holthus      WELLS FARGO BANK
920 SW 3rd Avenue, First Floor   420 Montgomery Street
Portland, Oregon 97204     San Francisco, CA 94104


            __s/*Charles Barker III*_____

Dated: August 20, 2016      Charles Barker III
             Defendant in Pro Se